**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 4 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

ROBERT W. RONE,

       Defendant - Appellant.

No. 02-6262
(D.C. No. 02-CR-15-C)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT***

---

Before **EBEL**, **HENRY** and **HARTZ**, Circuit Judges.

      Robert W. Rone appeals his conviction for violating 38 C.F.R. § 1.218(a)(5), which prohibits the use of "loud, abusive, or otherwise improper language" in facilities controlled by the Department of Veterans Affairs ("VA"). He argues that the evidence admitted against him at trial was insufficient to support the conviction. We **AFFIRM** his conviction.

---

    *After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On April 2, 2001, the defendant was transported against his will to a Veteran's Administration Medical Center in an ambulance. He arrived on a gurney and in four-point restraints. (Tr. at 33.) When he was brought into the emergency room, the defendant began yelling loudly at the nurses and using profanity. (Id. at 34, 56, 58, 71.) The defendant threatened one of the nurses and disturbed other patients by yelling at them. (Id. at 8, 37, 39.) A police officer was called and instructed the defendant that if he did not calm down the officer would issue him a citation. (Id. 35, 71.) The defendant periodically calmed down, but continued to be verbally abusive to the staff and patients in the emergency room between these calmer periods. (Id. 35, 52.) Because of his disruptive behavior, the defendant remained in restraints while he was in the emergency room. (Id. 74.) Eventually, the defendant was admitted into the intensive care unit, and the following day he was issued a citation for disorderly conduct by the officer who had spoken to him the night before. (Id. at 74–75.)

On June 26, 2001, the government filed a one-count Information charging the defendant with "caus[ing] a disturbance by using loud, abusive and other improper language" in violation of 38 C.F.R. § 1.218(a)(5). The defendant pled not guilty and the case was tried without a jury before a Magistrate Judge in the United States District Court for the Western District of Oklahoma. After hearing the evidence in the case, the Magistrate Judge found the defendant guilty, ordered

a Presentence Investigation Report, and after considering the report, sentenced the defendant to six month's probation, a $500.00 fine, and a $10.00 special assessment. The defendant appealed that conviction to the district court. The district court affirmed the conviction, and the defendant timely filed a notice of appeal with this Court.

The defendant argues that the evidence introduced against him was insufficient to establish two elements of the charged offense. First, he argues that the evidence failed to prove that his behavior in the emergency room caused a disturbance. Second, he claims that the evidence did not prove that his actions were done knowingly.

We review de novo claims that the evidence was insufficient to support a conviction. United States v. Voss, 82 F.3d 1521, 1524–25 (10th Cir. 1996). When reviewing sufficiency of the evidence, we first "must view all of the evidence, direct and circumstantial, as well as all reasonable inferences drawn therefrom, in the light most favorable the government." United States v. Owen, 15 F.3d 1528, 1532 (10th Cir. 1994) (internal quotation marks omitted). Then, "[w]e must decide whether, in light of the evidence presented, a rational trier of fact could have found the elements of the offense established beyond a reasonable doubt." Id.

The regulation under which the defendant was charged states:

> *Disturbances.* Conduct on property which creates loud or unusual noise; which unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lots; which otherwise impedes or disrupts the performance of official duties by Government employees; which prevents one from obtaining medical or other services provided on the property in a timely manner; <u>or the use of loud, abusive, or otherwise improper language</u>; or unwarranted loitering, sleeping, or assembly is prohibited.

38 C.F.R. § 1.218(a)(5) (emphasis added).

The defendant's first argument is that in order to be convicted of violating § 1.218(a)(5) the evidence must show that his loud or abusive language "create[d] a 'disturbance' that impede[d] the normal operation of a service or operation of the facility." (Aplt. B. at 7.) His reading of the regulation is incorrect. The district court correctly explained the regulation when it said that "[t]he regulation clearly employs the disjunctive 'or' when setting out the actions which constitute a violation. Thus, a finding that [the defendant] *either* used loud and abusive language *or* impeded or disrupted a government employee's performance standing alone would support the Magistrate Judge's finding." Order of July 30, 2002, at 3. The government only had to establish at trial that the defendant used "loud" or "abusive" language while in the VA hospital, not any particular effect resulting from the use of such language. After reviewing the record, we are convinced that the government established the loud and abusive character of the defendant's language beyond a reasonable doubt with credible testimony from witnesses who

- 4 -

observed and were the targets of the defendant's behavior.  (Tr. at 8, 34, 37, 39, 56, 58, 71.)

The defendant cites to <u>United States v. McKinney</u>, No. 00-3228, 2001 WL 565745 (10th Cir. May 25, 2001), in support of his view that a conviction under the regulation requires both the use of loud or abusive language and a disruption caused by that language.  At issue in that case was a Kansas statute that made it unlawful for a person to use "offensive, obscene, or abusive language or engaging in any noisy conduct" when the person knows "or has probable cause to believe that such acts will alarm, anger or disturb others or provoke an assault or other breach of the peace . . . ."  <u>Id.</u> at *1 n.1.  By its express terms, the statute in <u>McKinney</u> required a weighing of not just the character of the words spoken, but also their effect, or likely effect, on listeners.

In contrast, the regulation at issue in the instant case does not speak about the effect of the language used.  It simply prohibits the use of loud or abusive language regardless of the effect it may have on those nearby.  The defendant is correct that this reading of the regulation "relieves the government of [the] burden to prove that the conduct was 'disorderly' or 'disruptive' in some form." But this seems to be precisely the point.  The regulation reflects a reasonable policy judgment that "loud, abusive, or otherwise improper language" is so likely to be disruptive on VA premises that the mere fact of its use should be a

misdemeanor violation.  In drafting the Kansas statute at issue in <u>McKinney</u>, the Kansas legislature made a different policy judgment—requiring some inquiry into the effect of the prohibited behavior—but that judgment by the Kansas legislature, expressed as it is in words different from those used in the regulation before us, is not relevant to this case.

The defendant's second argument is that the government introduced insufficient evidence to prove that he knowingly used loud or abusive language in the emergency room.[1]  (Aplt. B. at 9–10.)  The defendant claims that "his physical and mental states were impaired" because, prior to being taken to the hospital, he had accidentally overdosed when taking prescription headache medicine.  (Aplt. B. at 3, 10.)

The record contains sufficient evidence such that, when considered in the light most favorable to the government, a rational trier of fact could have found beyond a reasonable doubt that the defendant knowingly used loud and abusive language.  Witnesses who observed the defendant's behavior both before and after he was brought into the emergency room testified that he was alert and aware of his surroundings, (Tr. at 19, 51), and that he could understand questions being

---

[1]Neither party contests the fact that the defendant's knowledge of his behavior was one of the elements of the offense that the government had to establish at trial.

asked of him and give appropriate answers. (Tr. at 103–04.) The defendant also recognized individuals at the VA hospital whom he had met before. (Tr. at 73.)

It is not implausible that, as the defendant tried to argue below, the defendant was unaware of his actions because he was suffering from the effects of an overdose of prescription medication. (Tr. at 136–37.) However, "the [Magistrate Judge], as fact finder, has discretion to resolve all conflicting testimony, weigh the evidence, and draw inferences from the basic facts to the ultimate facts." United States v. Anderson, 189 F.3d 1201, 1205 (10th Cir. 1999) (internal quotation marks omitted) (quoting United States v. Valadez-Gallegos, 162 F.3d 1256, 1262 (10th Cir. 1998)). The testimony by several witnesses supports the finding by the Magistrate Judge the that the defendant was, beyond a reasonable doubt, conscious and aware of actions at the hospital.

Because we view the evidence in the light most favorable to the government, and because the evidence supporting the Magistrate Judge's conclusion that the defendant acted knowingly is substantial and raises more than "a suspicion of guilt," see id., we conclude there was sufficient evidence to establish this element of the offense.

For the reasons stated, we **AFFIRM** the conviction.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge